By the Court,

Cowen, J.
A plea in nature of a plea puis darrein continuance is receivable by the common pleas, from the defendant below, of matter in his defence arising at any time subsequent to the rendition of the judgment below. The People, ex rel. Thayer, v. The Ontario C. P., (1 Wendell, 80). This, it is true, was under the act of 1824 (p. 296, § 38); but that statute, like the present (2 R. S. 262, § 214), forbade any new pleading in the common pleas. It is evident the statute intended new pleading in respect to the matter before the justice; otherwise very great injury might ensue. The proceeding by appeal is in nature of a new trial, at which the defendant may always plead matter arising since the last continuance. An appeal is “in fact granting a new trial, upon the same issue, in a higher court” (Platt, J., in Rawson v. Adams 17 Johns R. 131). But I have yet to learn, that on a new trial, or any other, the plaintiff may interpose a plea in bar of the defence, for such would be the effect of allowing what the appellee, in this instance, chose to call his plea.. He is a mere plaintiff upon [508] a new trial, who says the cause was, since the former trial, settled by the parties. That being so; I suppose all right to appeal was forfeited, and any attempt to move in the matter, I take it, should be corrected on summary application to the common pleas, say on motion to dismiss the appeal according to 2 R. S. 261, § 202, et seq. Be that as it may, the appellee has here clearly mistaken his remedy.
Judgment affirmed.